# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:10CR00048-002 |
| v. | ) | **OPINION** |
| | ) | |
| **JESSICA LYNN ASHBY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Roy F. Evans, Jr.*, Special Assistant United States Attorney, Abingdon, Virginia, for United States; *Jessica Lynn Ashby*, Pro Se Defendant.

The defendant, Jessica Lynn Ashby, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012), alleging ineffective assistance of counsel and sentence miscalculations. After review of the record, I conclude that the United States' Motion to Dismiss must be granted.

I

A grand jury of this court returned a nine-count indictment charging that Jessica Lynn Ashby and her co-defendant, Kermit Long, had conspired to manufacture methamphetamine (Count One); manufactured methamphetamine (Count Two); created a substantial risk of harm to human life while manufacturing

methamphetamine (Count Three); manufactured, distributed, and possessed methamphetamine with intent to distribute (Count Four); knowingly used and maintained a place for the purpose of manufacturing methamphetamine (Count Five); knowingly possessed pseudoephedrine with intent to manufacture methamphetamine (Count Six); and distributed methamphetamine on three occasions (Counts Seven, Eight, and Nine).

The government's evidence against Ashby included numerous items used in the manufacture of methamphetamine seized at her residence. Long gave a detailed statement, admitting that he had manufactured and distributed methamphetamine. Ashby admitted that she had assisted Long in the manufacturing process and admitted that her 11-year-old son had been in the residence numerous times while Long cooked methamphetamine, although not in the same room. Department of Social Services personnel removed Ashby's son from the residence. The government also had audiotape recordings of controlled methamphetamine transactions in which Ashby participated and a video of the codefendants preparing ingredients and cooking methamphetamine.

Ashby pleaded guilty to Counts One, Four, and Nine, pursuant to a written Plea Agreement. Under the agreement, in exchange for dismissal of the other counts against her, Ashby stipulated that the offenses involved the manufacture of methamphetamine which created a substantial risk of harm to human life "on

premises where a minor was present and resided." (Plea Agreement 3, ECF No. 43.) Ashby retained the right to argue that an enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(10)(D) for creating a substantial risk of harm to the life of a minor should not apply to her conduct. Both parties agreed not to seek a sentence outside the advisory guideline range.

As an express condition of Ashby's written Plea Agreement, she committed to the following:

> 1. **<u>Waiver of Right to Appeal</u>**
>
> Knowing that I have the right of direct appeal of my sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, I expressly waive the right to appeal my sentence on those grounds or on any ground. In addition, I hereby waive my right of appeal as to any and all other issues in this matter and agree I will not file a notice of appeal. I am knowingly and voluntarily waiving any right to appeal. ***By signing this agreement, I am explicitly and irrevocably directing my attorney not to file a notice of appeal.*** Notwithstanding any other language to the contrary, I am not waiving my right to appeal or to have my attorney file a notice of appeal, as to any issue which cannot be waived, by law. . . .

(Plea Agreement 7-8, ECF No. 43.) (emphasis altered from original). Ashby also waived her right "to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel." (*Id.* 8.)

On January 31, 2011, I conducted a guilty plea colloquy with Ashby. Ashby stated that she was 30 years old, had completed the twelfth grade in school, and

had worked mostly as a waitress. Ashby affirmed that the medication she was taking for a nervous condition did not affect her ability to understand the plea proceedings, denied that she had any mental health or medical problems, and denied that she was under the influence of any other drug or alcohol. Ashby affirmed that she had had an adequate opportunity to read and discuss the indictment and Plea Agreement with her attorney, that she had initialed each page of the Plea Agreement and signed it as designation that she had read it, and that she understood its terms.

I expressly questioned Ashby about her waivers of the right to appeal and collaterally attack the judgment, and she affirmed that she understood these waivers. She denied that any promise outside the agreement had caused her to want to plead guilty or that anyone attempted to force her to plead guilty, and indicated that she understood the charges, the potential penalties she faced, the advisory guidelines, the trial rights she was waiving by pleading guilty, and the elements of each charge that the United States would have to prove at trial. After the prosecutor summarized the evidence, through counsel, Ashby stated her contention that her son was not present when the codefendants cooked methamphetamine, but did not dispute the other evidence proffered. I found that Ashby's plea under the Plea Agreement was knowing and voluntary.

Ashby's Presentence Investigation Report indicated, as stipulated in the Plea Agreement, that her Base Offense Level was 24, with a recommended increase of six levels under § 2D1.1(b)(10)(D) based on evidence that the manufacturing of methamphetamine created a substantial risk of harm to Ashby's son. With a three-level reduction for acceptance of responsibility, the Report found Ashby's Total Offense Level to be 27, and found her Criminal History Category to be III. Counsel did not file objections to the PSR.

At the sentencing hearing on March 28, 2011, counsel argued that Ashby should be sentenced without the six-level enhancement under § 2D1.1(b)(10)(D), because her conduct had not created a substantial risk of harm to her son. Ashby's mother testified that her grandson had often stayed nights and weekends with her and that his school and extracurricular activities had kept him away from his mother's residence during the weekdays. Ashby testified that her son was never in the residence when she and Long "cooked" methamphetamine.

I found Ashby's testimony to be incredible when compared to statements she had earlier made to authorities, and held that the evidence indicated the manufacturing activities placed her son at substantial risk of harm, thus warranting the six-level enhancement under § 2D1.1(b)(10)(D). I adopted the PSR's findings. Ashby's Total Offense level of 27 and her Criminal History Category of III resulted in a custody range of 87 to 108 months in prison under the advisory

guidelines. I sentenced Ashby to a total sentence of 87 months in prison. At the end of the sentencing hearing, I advised Ashby that

> [S]he has waived [her] right to appeal this sentence, and that waiver is binding unless the sentence exceeds the statutory maximum, or is based on a constitutionally impermissible factor. If the right of appeal does exist, [she] may apply for leave to appeal without pre-payment of such costs. Any notice of appeal must be filed within 14 days of the entry of judgment . . . . If requested, the clerk will prepare and file a notice of appeal on behalf of the defendant[ ].

(Tr. 38:4-12, Mar. 28, 2011, ECF No. 73.) No appeal was filed from the Judgment.

Ashby alleges the following grounds for relief under § 2255: (1) Counsel was ineffective in advising Ashby that she could not appeal her case because she had signed the Plea Agreement; (2) Counsel was ineffective in disregarding Ashby's request to challenge her criminal history points; and (3) Ashby's waiver of appeal rights did not bar her appeal of "gross calculation errors made by the court at sentencing." (§ 2255 motion 4, ECF No. 67.) Ashby asserts, "There are no identifiable victims of the offense to merit a 6 point enhancement." (*Id.*)

The United States has filed a Motion to Dismiss Ashby's § 2255 motion as without merit. The court notified the defendant of the United States' motion as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and warned the defendant that judgment might be granted for the United States if she did not respond to the motion by filing affidavits or other documents contradicting the

United States' evidence or otherwise explaining the § 2255 claims. The defendant never responded. However, the time allotted for her response has expired, making the matter ripe for the court's consideration.

II

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland, v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 688. Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. If it is clear that the defendant has not satisfied one prong of the *Strickland* test, the court need not inquire whether she has satisfied the other prong. *Id.* at 697. In a § 2255 motion, the defendant bears the burden of proving her claims by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

CLAIM (2).

I conclude that Ashby's allegations in Claim (2) fail to state a claim under *Strickland*. Ashby asserts that she asked counsel to challenge unspecified "aspects of [her] Past Criminal History" and that state court records attached to her § 2255 motion "will show that charges that resulted in [criminal history] points in the PSR were not valid." (§ 2255 Motion 4.) Ashby does not explain, however, any specific respect in which the PSR findings as to any particular past convictions were "invalid." Moreover, after reviewing the attached records to which Ashby refers, I find no error in the PSR calculation of Ashby's criminal history points. Because Ashby thus does not allege facts demonstrating that counsel's failure to object to the criminal history calculations was either deficient conduct or prejudicial to her defense at sentencing, her motion does not establish any constitutional violation under *Strickland*. I will grant the Motion to Dismiss as to Claim (2).

CLAIMS (1) AND (3).

The provisions of the Plea Agreement indicate that counsel consulted with Ashby about appeal rights before she pleaded guilty pursuant to the agreement. Moreover, Ashby raises no complaint about counsel's advice before and during her guilty plea, nor does she allege that, at any time, she expressly asked counsel to file a notice of appeal. Therefore, I liberally construe Ashby's Claims (1) and (3) as

jointly alleging a claim that counsel's representation was deficient, because counsel failed to advise her after sentencing that she could raise a viable appellate challenge to the six-level enhancement. I conclude that because Ashby's allegations do not support a finding that counsel had a constitutional duty to consult with Ashby about an appeal, the alleged deficiencies in the representation fail to state any ground for relief under § 2255.

"[A]n attorney is under no obligation to file a notice of appeal where the defendant explicitly instructs his attorney not to file one." *United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007) (*citing Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). In cases where the defendant does not clearly instruct counsel to file a notice of appeal or not to file a notice of appeal, however,

> in certain circumstances, an attorney is constitutionally required to "consult" with the defendant concerning the advantages and disadvantages of taking an appeal and to discover the defendant's appellate wishes. . . . [A]n attorney must consult with a defendant when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing.

*Poindexter*, 492 F.3d at 268 (citations omitted). If the attorney could reasonably have believed that the defendant received a sentence expected under the terms of her plea agreement and has expressed no desire for an appeal or the attorney could reasonably have believed that the defendant had been thoroughly advised by the court about her right to appeal, no duty to consult arises, and the attorney's failure

to consult with the defendant about appeal issues is not deficient conduct under *Strickland*. *Flores-Ortega*, 528 U.S. at 479-80.

In her Plea Agreement waiver of appeal rights, Ashby "explicitly and irrevocably" instructed counsel <u>not</u> to file a notice of appeal. (Plea Agreement 8, ECF No. 43) (emphasis added). Ashby does not challenge the validity of her guilty plea, her waiver of appeal rights, or the effectiveness of counsel's advice regarding the plea and waiver. Moreover, Ashby's statements during the plea colloquy indicated that she knowingly and voluntarily entered her guilty plea and the waiver of appeal rights, including the explicit direction that counsel should not file a notice of appeal. I conclude that Ashby's valid Plea Agreement, expressly instructing counsel not to file a notice of appeal, also relieved counsel of her duty to consult with Ashby about an appeal, absent evidence of events *after* the plea that gave rise to a duty to consult.

Ashby presents no evidence on which counsel had a duty under *Flores-Ortega* to consult with her about an appeal after sentencing. First, Ashby does not allege that she asked counsel about an appeal at any time after entry of the guilty plea. Second, counsel could reasonably have believed that Ashby had no valid grounds for appealing her sentence. The sentence fell squarely within the terms discussed by the parties in the Plea Agreement, and the court made factual findings that Ashby's offense conduct had endangered her son so as to warrant the six-level

enhancement under USSG § 2D1.1(b)(10)(D). Moreover, the sentence imposed did not exceed the statutory maximum for the offense so as to bring an appeal of the sentence outside the scope of Ashby's waiver.

Third, counsel reasonably could have believed that Ashby was adequately advised from other sources that she retained a limited right to appeal despite the waiver. The Plea Agreement, which Ashby affirmed she read and understood, expressly reserved a limited right to appeal. Moreover, I explicitly advised Ashby during sentencing that she could pursue an appeal under certain circumstances, and I advised her when and how she could file a notice of appeal if she so desired, with assistance from the clerk.

On this record, I find no facts showing that counsel had a constitutional duty to consult with Ashby after sentencing about the extent of the limited right to appeal she retained in light of her valid waiver. Therefore, Ashby states no claim under *Flores-Ortega* that counsel's representation with regard to appeal was deficient or prejudicial. I will grant the Motion to Dismiss as to Ashby's Claims (1) and (3).

A separate Final Order will be entered herewith.

DATED: March 18, 2013

/s/ James P. Jones
United States District Judge